**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

Civil Action No. 12-205-HRW

CHUCK LESTER,

                                        **PLAINTIFF,**

v.              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits. The Court having reviewed the record in this case and the

dispositive motions filed by the parties, and being otherwise sufficiently advised,

for the reasons set forth herein, finds that the decision of the Administrative Law

Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff 's March 10, 2008 application for disability insurance benefits was denied

both at the initial level and on reconsideration. (Tr. 89-90 and 77-80).

He requested a hearing before an Administrative Law Judge, and on September

14, 2009, Administrative Law Judge  Frank Letchworth issued an unfavorable

decision. (Tr. 7-18). On August 31, 2011, the U.S. District Court remanded the case pursuant to Sentence Four of 42 U.S.C. 405(g) for further proceedings. (Ter. 482-484). Pursuant to the order of the District Court, Mr. Lester appeared before ALJ Tommye C. Mangus in Middlesboro, Kentucky on June 12, 2012.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.

> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Plaintiff was 49 years old at the time of the hearing decision . He has a 8th grade education (Tr. 134). He was employed from 1978 through 2003 in various jobs which included working for Sara Lee as a pan stacker, working as a fork lift operator in a factory, and working as a cable puller for Clawson Construction. (Tr. 107- 112, 131).

Disability is alleged on the basis of long term residuals following an injury in 2003 with disc herniation at the L5–S1 level, degenerative disc disease of the lumbar spine, depression, and borderline intellectual functioning.

The ALJ specified that his decision would address the time period beginning with the first day of the unadjudicated period, August 7, 2007 (Tr. 399). After a careful review of the entire record, as well as the prior ALJ decision from August 6, 2007, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease; borderline intellectual functioning; and a pain disorder (Tr. 402). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work that accommodates a sit/stand option every thirty minutes and involves understanding, remembering, and carrying out one- to two-step instructions in a nonpublic, object-focused work setting in which reading is not an essential job element (Tr. 404). The ALJ then relied on the testimony from the vocational expert (VE) to establish the existence

3

of a significant number of jobs in the national economy which Plaintiff could perform, given his condition (Tr. 407-408). Accordingly, the ALJ concluded that Plaintiff was not disabled (Tr. 408-09).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 13, 16 and 17] and this matter is ripe for decision.

## II. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

4

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff alleges the following errors on appeal:

(1) The ALJ improperly invoked res judicata, despite new and material evidence that the claimant's condition significantly worsened following the ALJ decision which was issued on August 6, 2007.

(2) In finding that the record failed to indicate any change in the claimant's condition, the ALJ improperly rejected new restrictions assessed by the treating source, and she failed to provide good reasons as required by the agency's regulations and rulings.

(3) Despite finding that the claimant is limited to work "in which reading is not an essential element," the ALJ failed to consider 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 201.00(h)(1), which provides that a finding of disability is directed in this context.

(4) The ALJ relied on a hypothetical which did not accurately describe the claimant, resulting in vocational testimony which does not carry the Commissioner's burden of proof at the final step in the sequential evaluation process.

## C.   Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly invoked res judicata, despite new and material evidence that the claimant's condition significantly worsened following the ALJ decision which was issued on August 6, 2007.

An RFC finding or other finding required at a step in the sequential evaluation process, which was made in a final decision by an ALJ on a prior disability claim, will be adopted by the ALJ in the subsequent disability claim with an unadjudicated period unless there is new and material evidence relating to such a finding. *Drummond v. Commissioner of Social Security*, 126 F. 3d 837, 842 (6th Cir. 1997). *See also*, AR 98-4(6), 1998 WL 283902, at *2 (S.S.A.).   Pursuant to this precedent, the current ALJ is bound by the prior ALJ's findings unless new and material evidence provided a basis for changing these findings.

In the instant case, the ALJ properly acted in accordance with AR 98-4(6) and *Drummond* by reconciling the August 6, 2007, RFC finding from the prior

decision and finding more restrictive limitations than the prior ALJ (Tr. 404, 505). The prior ALJ found that Plaintiff could perform sedentary work that allowed a thirty-minute sit/stand option and that involved no more than one- to two-step instructions in an object-focused setting where reading was not an essential job element (Tr. 505). The current ALJ adopted the prior ALJ's RFC finding and, giving Plaintiff the benefit of the doubt, added a restriction to a non-public work setting (Tr. 404).

On appeal, Plaintiff contends that an MRI of Plaintiff's lumbar spine as well as the medical opinion from Dr. Perry constitute new and material evidence that should have precluded the application of res judicata. This claim lacks merit. As noted above, there was no MRI performed during the relevant period, and the August 2009 MRI showed only mild disc space narrowing at L4-5 and L5-S1 resulting in mild narrowing of the lateral recesses and neural foramina at L4-L5 (Tr. 406, 652). Furthermore, as discussed in greater detail below, the ALJ properly gave "negligible weight" to the opinion from Dr. Perry. Ultimately, Plaintiff failed to meet his burden of proving that the medical evidence between August 7, 2007, and December 31, 2008, would cause functional limitations more significant than those determined by the ALJ. Therefore, Plaintiff's argument that res judicata was improperly invoked lacks merit.

Plaintiff's second claim of error is that the ALJ improperly rejected new restrictions assessed by the treating source. Specifically, he contends that the ALJ should have afforded greater weight to the opinions of Dr. Perry.

The opinion of a treating physician is generally given greater weight than that of an examining physician, provided the opinion is based upon detailed clinical and diagnostic evidence. *Bogle v. Sullivan*, 998 F.2d 342, 347-348 (6th Cir. 1993). The Court is mindful of the fact that it is the ALJ who makes the ultimate determination of disability, not the treating doctor. *Houston v. Secretary of Health & Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). However, if the treating physician's opinion is rejected, the ALJ must detail the basis for rejecting the opinion. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).

In this case, Dr. Perry provided several opinions regarding Plaintiff's functional abilities. In September 2008, he opined that Plaintiff could sit, stand, and walk for two hours each in an eight-hour workday; could occasionally lift and carry ten pounds; could never bend, squat, crawl, climb, reach above his shoulders, push, pull, or use his feet for repetitive movements; and was unable to participate in substantial gainful employment (Tr. 377).

A year later, Dr. Perry opined that, due to low back pain, Plaintiff could sit and stand/walk for two hours each in an eight-hour workday; could occasionally

lift ten pounds; could frequently lift and carry less than ten pounds; could occasionally balance; and could never crouch, crawl, kneel, or climb (Tr. 392-95).

In May 2012, Dr. Perry opined that Plaintiff could sit for less than six hours in an eight-hour workday; could and stand/walk for less than two hours in an eight-hour workday; could occasionally lift and carry ten pounds; could frequently lift and carry less than ten pounds; and could never climb, balance, crouch, crawl, kneel, or stoop (Tr. 611-14).

The ALJ found that these limitations were not supported by objective findings and were not consistent with the other evidence of record, including Dr. Perry's own treatment notes (Tr. 406). Substantial evidence supports this conclusion. For instance, the ALJ found that Dr. Perry's treatment notes were "wholly unremarkable for clinical indicia of musculoskeletal, neurological, or psychological dysfunction commensurate with [Plaintiff's] acute allegations" as Dr. Perry's treatment notes did not reflect that he conducted physical examinations of Plaintiff and did not contain medical findings regarding Plaintiff's back other than Plaintiff's subjective complaints of pain and a diagnosis of "LBP" (Tr. 296-98, 346, 389) (Tr. 405-06).

The ALJ also considered that, during the relevant period, Plaintiff primarily saw Dr. Perry to obtain prescription refills, demonstrating that Plaintiff's back pain

9

and psychiatric symptoms were effectively treated by medication management (Tr. 296-98, 346, 389, 405-06). *See Ashworth v. Sullivan*, 951 F.2d at *8 (table), 1991 WL 278961(conservative treatment weighs against a finding that the plaintiff is disabled).

With regard to the physical examination by Dr. Chavez, he found that Plaintiff had limitations on flexion, extension and lateral flexion of the lumbar spine, and straight leg raising from the supine position; no musculoskeletal deformities; no tenderness; his muscle strength was intact; sensory was not altered; and he could tandem walk, heel and toe walk, hop, squat, dress, undress, and get on the exam table without difficulty (Tr. 306-07). These findings indicate some physical limitations and are consistent with the ALJ's finding that Plaintiff retained the RFC to a range of sedentary work but simply do not corroborate the disabling limitations in Dr. Perry's opinions.

Notably, when asked to identify the medical findings that supported assessment, in each opinion, Dr. Perry stated "LBP" (lower back pain) (Tr. 378-79, 392-95, 611-14). Such a cursory statement does not entitle Dr. Perry's opinions to controlling weight, as the ALJ is not bound an opinion that is unsupported by detailed objective criteria and documentation. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("The ALJ 'is not bound by conclusory statements of doctors,

particularly where they are unsupported by detailed objective criteria and documentation.'").

Significantly, the only medical evidence cited by Plaintiff in support of Dr. Perry's opinions is from before 2007. *See* Pl.'s Mem. at 15-16 (citing Tr. 166-215). However, in a prior decision ALJ Frank Letchworth found that Plaintiff was not disabled through August 6, 2007, and that administrative decision is final and binding under the doctrine of res judicata (Tr. 500-09, 514-18). Medical evidence from 2003 through 2006–a time when Plaintiff was not disabled–simply does not demonstrate that Plaintiff became disabled between August 7, 2007, and December 31, 2008.

In reviewing the record, the Court finds that the ALJ applied the correct legal standards in evaluating the medical evidence of record, and substantial evidence supports the ALJ's decision to give little weight to Dr. Perry's opinion.

Plaintiff also argues that ALJ failed to consider 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 201.00(h)(1). Plaintiff maintains that which requires a finding of disability for an illiterate individual of the age of the claimant when his insured status expired on December 31, 2008. This argument lacks merit because it presumes that Plaintiff is illiterate, but the ALJ made no such finding. Nor does the evidence of record establish that Plaintiff is illiterate, as defined by the

11

regulations. *See 20* C.F.R. pt. 404, subpt. P, app. 2, § 201.17.

The regulations define "illiteracy" as "the inability to read or write." 20 C.F.R. § 404.1564(b)(1). "We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." *Id.*

Plaintiff has not shown that he is unable to read or write, or that any medical or mental health source found him to be illiterate as defined in the regulations. To the contrary, in a "Disability Report," Plaintiff stated that he could read and understand English and write more than his name in English (Tr. 129). Plaintiff also testified that he could read a letter as long as it contained no "big words" (Tr. 429).

On appeal, Plaintiff appears to argue that the ALJ's RFC finding, as well as the prior RFC finding from ALJ Letchworth, shows he is illiterate. However, the ALJs found only that Plaintiff should work in a setting where reading is not an essential job element, not that he was illiterate (Tr. 404, 505). Plaintiff also cites the results of testing showing that he reads at a third grade level. However, this testing actually undermines Plaintiff's argument, as the regulations explain that a sixth grade education or less constitute a marginal education, not illiteracy. 20

C.F.R. § 404.1564(b)(1), (2).

In light of the foregoing, Plaintiff has not shown that he is illiterate. Therefore, the Court finds no error in this regard.

Finally, Plaintiff contends that the ALJ relied on a hypothetical which did not accurately describe the claimant, resulting in vocational testimony which does not carry the Commissioner's burden of proof at the final step in the sequential evaluation process.

With regard to the hypothetical question posed to the VE, the Court finds that it accurately portrayed the claimant's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Based upon the credible medical evidence in the record and evaluation of claimant's daily activities, the ALJ crafted a hypothetical which accurately contemplated the same. In response to the ALJ's hypothetical, the VE cited to a significant number of jobs the hypothetical individual could perform. The VE's responsive testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 26th day of March, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

_____

Henry R. Wilhoit, Jr., Senior Judge